Okey, J.
The question presented in this case is whether a purchaser of iron ore, to be delivered at a specified place, may be bound by usage as to the manner of delivering and place of weighing and making payment for the ore.
The written contract sued on is, as we have seen, an agreement on the part of Dewey, Yance & Go., defendants in error, to deliver to Swift’s Iron and Steel Works, plaintiff in error, “ on the landing at Carondelet,” at $5.50 per ton, cash, one thousand to twelve hundred tons of Iron Mountain ore, to be taken away by the latter during the year 1872; and also, an agreement on the part of the latter to deliver to the former, in the spring of 1873, at the same place and price, the same quantity of ore. If the parties are bound by the terms of this contract, unaided by extraneous testimony, it is clear that the judgment is erroneous. The plaintiff in error ■demanded the delivery of the ore, at the place named in the *249 contract, and within the time there stated, and was then able and willing to pay for it, while the defendants in error did not demand ore at Carondelet, in the spring of 1873, nor were they there ready to pay for it. Under such circumstances, looking alone to the face of the agreement, the defendant in error would not be entitled to recover, but the plaintiff in error could maintain an action. Extraneous evidence, however, shows the rights and obligations of the parties to this instrument to be very different from those implied in the absence of such evidence. Such evidence shows, as we have seen, that there is a uniform, settled custom at Carondelet, well known to the parties, and -with reference to which they contracted, according to which a party holding such an order for ore as the plaintiff in error had, may present it to the agent of the Iron Mountain Company, at the landing, and have placed in his boats, from the pile there collected, the ore specified in the order, the Iron Mountain Company being the owner of the landing and the ore thereon; and that payment is made when the ore is carried by the boats to its place of destination, and there weighed, unless the ore or part of it is lost in transit, in which ease payment is made according to the weight estimated from the displacement of the boats at the time they are loaded. It further appears, that it was well known to both parties to the contract, at the time it was made, that the Iron Mountain Company never permits ore to be removed from the landing in any other manner, or upon any other terms or condition; indeed, that there is no other practicable mode of removing such ore. The question, therefore, is, whether it was competent to show such facts by such evidence, the plaintiff in error objecting; for, if it was, the plaintiff in error, not being able or or willing to remove the ore by boat, cannot recover damages for a refusal to deliver to it such ore.
Extrinsic evidence is admissible to show that the parties to a written agreement have contracted upon a common basis of usage, applicable to the business in which the contract is made, whereby they have impliedly assented to certain conditions not mentioned in the contract. With respect to usage of the character relied on here, it must appear, in order to be valid, *250 that when the contract was made .such usage was uniform, well-established, and known to the parties ; but that the agreement is on its face free from ambiguity, or that such agreement with, and the same agreement without the incidents annexed, imports very different rights and obligations, affords no valid objection to such evidence. In Humfrey v. Dale, 7 E. & B. (90 Eng. C. L.) 266, Lord Campbell said: “In a certain sense, every material incident which is added to a written contract varies it, makes it different from what it appeared to be, and so far is inconsistent with it. If by the side of the written contract without, you write the same contract with the added incident, the two would seem to import different obligations and be different contracts.” And see Myers v. Sarl, 3 E. & E. (107 Eng. C. L.) 306. The usage, however, must not be inconsistent with the words of the agreement nor must it be unreasonable; but the usage here shown seems not to be obnoxious to either of these objections. Robertson v. Jackson, 2 M. G. & S. 412; Leidemann v. Schultz, 14 C. B. 38 ; Cuthbert v. Cumming, 10 Hurl. & Gord. 809; affirmed, 11 Ib. 205.
The cases relating to usage of this character seem not to be in entire harmony. It is difficult to extract from them any more definite rules by which to determine the validity of such usage than those already stated. It is sometimes difficult, moreover, to determine whether the law, in a particular case, will or will not permit such proof. Each case must be determined by itself, aided by such light as may bo derived from the judgments in other cases where the facts are analogous. Upon consideration of the cases cited in argument, and others, we unite in holding that the proof offered in this case to show usage was competent; and there being no substantial conflict as to the facts, the rights of the parties arc determined by such proof. As the plaintiff in error never demanded the ore upon the order, though the defendants in error were able and willing to deliver it, in pursuance of the contract with such incidents annexed, a right to recover damages, with respect to the ore of 1872, never accrued to the plaintiff in error; and, for the same reason, it is wholly immaterial whether the covenants in the agreement should be regarded as dependent or indefiendent *251 So, it is immaterial whether the court properly construed the contract, in charging the jury that if Dewey, Yance & Co. were entitled to recover, one thousand tons of ore would be the basis of such recovery; for if the construction was erroneous, the error was favorable to the plaintiff in error. And these views likewise dispose of the remaining question, as to the right of the defendants in error to recover for the failure of the plaintiff in error to deliver to them ore in the spring of 1873, and sustain such recovery; for the ore ■ could only be obtained on the order of the plaintiff in error; and when the defendants in error, at Cincinnati, in the spring of 1873, demanded such order, the plaintiff in error refused to give it, or to comply with the contract, the defendants in error being at the time able and willing to comply with the agreement in accordance with its terms and such annexed incidents. In view of these facts, the defendants in error were not required to demand the ore at Carondelet in the spring of 1873, or have boats there to receive it. Lowry v. Barrelli, 21 Ohio St. 324. And this is not inconsistent with Mowry v. Kirk, 19 Ohio St. 375, or Simmons v. Green, 35 Ohio St. 104.
The rulings in the court below are not inconsistent with the views here expressed, nor is there any error in the record, and therefore the judgment will be affirmed.

Judgment affirmed.